UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

PRIVATE JET SERVICES GROUP, LLC
plaintiff,

v.

TWITTER, INC.,
defendant

Civil Action No.: _____

# COMPLAINT

**(Jury Trial Demanded)**

1. Private Jet Services Group, LLC ("PJS") complains against Twitter, Inc. ("Twitter") for breach of contract and, in the alternative, for breach of quasi-contract because Twitter refuses to pay $197,725 for private air charter passenger transportation services that Twitter requested for, and that PJS provided to, its executive on October 26 and 27, 2022.

Parties

2. PJS is Florida limited liability company with a principal place of business located at 1111 Lincoln Avenue, Suite 500, Miami Beach, Florida and with a recently former principal place of business located at 5 Batcheler Road, Seabrook, New Hampshire.

3. Twitter is a Delaware corporation with a principal place of business located at 1355 Market Street, San Francisco, California.

Jurisdiction and Venue

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

5. The Court has personal jurisdiction over Twitter pursuant to NH RSA 510:4 because Twitter has transacted business within New Hampshire and because the parties agreed

that "[a]ny action relating to [the Agreement that forms the basis for this action] in part or its entirety must be brought in the Federal or State Courts located in New Hampshire and each party irrevocably consents to the jurisdiction of such courts."

6. Venue is proper in the District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1391.

Allegations

7. PJS is an air charter passenger transportation services broker.

8. On June 24, 2020, PJS and Twitter agreed to and signed Air Charter Services Blanket Purchase Agreement # 2020-4151 ("BPA").

9. Pursuant to the terms and conditions of the BPA, Twitter is able to book air charter passenger transportation services through PJS.  Although the BPA required Twitter's "Designated Representatives" to book its air charter passenger transportation services and then acknowledge the terms of the air charter passenger transportation services in a Statement of Work, in practice, Twitter's process of booking and acknowledging air charter passenger transportation services did not always follow the process set forth in the BPA.  For instance, on numerous occasions, Twitter employees other than its Designated Representatives booked and acknowledged its requested air charter passenger transportation services including via emails and text messages and not Statements of Work.

10. During the evening October 25, 2022, via email and text, Twitter employee Taylor DeLorenzo booked air charter passenger transportation services for Twitter executive Leslie Berland from Teterboro to San Francisco for the morning of October 26, 2022.

11. PJS arranged, confirmed and provided to Twitter's executive the air charter passenger transportation services that Twitter requested from Teterboro to San Francisco.

12. On October 26, 2022, PJS invoiced Twitter $103,850 for its executive's air charter passenger transportation services from Teterboro to San Francisco, with payment due by November 2, 2022.

13. During the afternoon of October 27, 2022, via email, Twitter employee Cynthia Ancheta booked air charter passenger transportation services for Twitter executive Leslie Berland from San Francisco to Teterboro for the evening of October 27, 2022.

14. PJS arranged, confirmed and provided to Twitter's executive the air charter passenger transportation services that Twitter requested from San Francisco to Teterboro.

15. On October 27, 2022, PJS invoiced Twitter $93,875 for its executive's air charter passenger transportation services from San Francisco to Teterboro, with payment due by November 3, 2022.

16. Twitter did not timely pay either of PJS's invoices for the air charter passenger transportation services that it provided.

17. On November 16, 2022, Twitter employee Marty O'Neill, "Head of Global Strategic Sourcing at Twitter" emailed PJS "informing you that Twitter is not liable for these expenses [*i.e.*, the invoices for the air charter passenger transportation services that Twitter requested and that PJS provided] and therefore will not be paying these invoices." Mr. O'Neill explained Twitter's decision not to pay for the services that it requested and that PJS provided by writing that "[a]s you know only Designated Representatives listed in Exhibit A of the [BPA] are allowed to order services on behalf of Twitter."

18. On November 16, 2022, Twitter employee Taylor DeLorenzo replied to Twitter employee O'Neill's email: "Just wanted to send a quick note with regards to the outstanding invoice for PJS: Parag [Agrawal] *did* sign off on this expense (he was still CEO at the time of

both flight purchases) for Leslie.  It was an urgent need the week the deal closed, and Leslie was the main person from Twitter liaising directly with Elon.  Additionally, I had been approving all of the PJS transactions prior to this one - all of which Twitter paid with no issue or mention of the below requirements.  Just wanted to share additional context here."

19. On November 16, 2022, Twitter employee O'Neill replied to Twitter employee DeLorenzo's email: "Thanks Taylor, appreciate the added context.  However, new management is not going to budge and while yes you had been requesting, it doesn't change the terms agreed to in the agreement.  If anything, legally we shouldn't have paid for when you made those requests or alternatively Private Jet Services could have cited breach of contract.  I know you're looking for a resolution but can't emphasize enough that new management wants to hold firm on this."

20. According to Twitter employee DeLorenzo's internal Twitter emails, the former CEO of Twitter, Parag Agrawal, approved the air charter passenger transportation services for Twitter's executive that Twitter requested and that PJS provided on October 26, 2022 and October 27, 2022.

21. According to Twitter employee O'Neill's internal Twitter emails, the reason that Twitter refuses to pay PJS's invoices for the services PJS provided to Twitter is because "new management" has made a decision not to pay those invoices and "new management wants to hold firm on this."

## Count I
## Breach of Contract

22. PJS incorporates all allegations in this Complaint as if restated in full herein.

23. Twitter has breached the parties' contract by refusing to pay for the air charter passenger transportation services that Twitter requested for its executive and that PJS provided on October 26, 2022 and October 27, 2022.

24. PJS has been damaged by Twitter's breach of the parties' contract by refusing to pay for the air charter passenger transportation services that Twitter requested for its executive and that PJS provided on October 26, 2022 and October 27, 2022.

## Count II
## Breach of Quasi-Contract

25. PJS incorporates all allegations in this Complaint as if restated in full herein.

26. In New Hampshire, a valid claim in quantum meruit requires that: (1) services were rendered to the defendant by the plaintiff; (2) with the knowledge and consent of the defendant; and (3) under circumstances that make it reasonable for the plaintiff to expect payment. *Gen. Insulation Co. v. Eckman Const.*, 159 N.H. 601, 612 (2010).

27. Air charter passenger transportation services were provided to Twitter by PJS on October 26, 2022 and October 27, 2022 with the knowledge and consent of Twitter and under circumstances that make it reasonable for PJS to expect payment.

28. PJS has been damaged by Twitter's breach of the parties' quasi-contract by refusing to pay for the air charter passenger transportation services that Twitter requested for its executive and that PJS provided on October 26, 2022 and October 27, 2022.

## PRAYERS FOR RELIEF

29. WHEREFORE, PJS respectfully requests that the Court:

   A. Enter judgment on all Counts;

   B. Award PJS all damages to which it is entitled;

C.  Award PJS its reasonable attorney's fees and litigation costs including as allowed by contract, statute and/or decisional law; and

D.  Grant such further relief as is necessary and proper.

Respectfully submitted,

PRIVATE JET SERVICES GROUP, LLC,

By its attorneys,

SHAHEEN & GORDON, P.A.,

December 9, 2022

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH bar # 19570)
107 Storrs Street
P.O. Box 2703
Concord, NH 03302
(603) 617-3035
tjmclaughlin@shaheengordon.com