IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW HAMPSHIRE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PRIVATE JET SERVICES GROUP, LLC,  :

               Plaintiff,       :  Civil Action No.: 1:22-cv-00548-JL

        v.              :

TWITTER, INC.,            :

           Defendant.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**DEFENDANT'S MEMORANDUM OF LAW**
**<u>IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT</u>**

Edward J. Sackman, N.H. Bar #19586
670 N. Commercial Street, Suite 108
P.O. Box 1120
Manchester, New Hampshire 03105
(603) 623-8700
nsackman@bernsteinshur.com

James R. Carroll (*pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573 4800
james.carroll@skadden.com

January 31, 2023          Counsel for Defendant

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................... ii

INTRODUCTION ......................................................................................1

    A.    The Parties Signed A Contract With Terms
Prescribing How Twitter Would Review And Approve PJS Travel ....................2

    B.    PJS Dispatched $194,000 In Private Flights Without A Statement
Of Work And Without Approval By A Designated Representative......................3

    C.    Twitter Rejected PJS Invoices For The Flights Dispatched In Breach
Of The BPA's Express Terms, And Plaintiff Filed The Present Action ................4

LEGAL STANDARD....................................................................................4

ARGUMENT ...............................................................................................5

I.    PLAINTIFF'S BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED............5

    A.    PJS Materially Breached The BPA's Express Terms .............................................5

    B.    Plaintiff's Breach Discharged Twitter's Duty Under The BPA .............................6

II.    PLAINTIFF'S QUASI CONTRACT CLAIM SHOULD BE DISMISSED ....................7

    A.    Because The Services At Issue Are Covered By An Express
Contract, The Court Must Dismiss Plaintiff's Quasi Contract Claim ....................7

    B.    Plaintiff Fails To Plead the Elements of Quasi Contract ........................................8

CONCLUSION.............................................................................................8

## TABLE OF AUTHORITIES

**Page**

Androscoggin Valley Regional Refuse Disposal District v. R.H. White Construction Co.,
  Civ. No. 15-00434-LM, 2017 WL 1906612 (D.N.H. May 8, 2017) ..................................7

Ashcroft v. Iqbal,
  556 U.S. 662 (2009)..........................................................................................................4

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007)..........................................................................................................4

Chao-Cheng Teng v. Bellemore,
  Civ. No. 11-00281-JL, 2013 WL 3322340 (D.N.H. July 1, 2013)....................................6

Clapp v. Goffstown School District,
  159 N.H. 206 (N.H. 2009) ................................................................................................7

Direct Capital Corp. v. Am. Tank Co.,
  Civ. No. 16-00366-SM, 2005 WL 7411007 (D.N.H. Oct. 26, 2017) .................................5

Ellis v. Candia Trailers & Snow Equipment, Inc.,
  164 N.H. 457 (N.H. 2012) ................................................................................................5

Gaucher v. Waterhouse,
  175 N.H. 291, 2022 WL 282162 (N.H. 2022) ....................................................................6

General Insulation Co. v. Eckman Construction,
  159 N.H. 601 (N.H. 2010) ................................................................................................8

J.G.M.C.J. Corp. v. Sears, Roebuck & Co.,
  391 F.3d 364 (1st Cir. 2004).............................................................................................7

MacDonald v. Stafford Cty. Super Ct.,
  Civ. No. 18-01100-JL, 2019 WL 1385106 (D.N.H. Mar. 27, 2019)..................................2

Mangiardi Brothers Trucking, Inc. v. Dewey Environment, LLC,
  Civ. No. 12-00481-JD, 2013 WL 1856338 (D.N.H. Apr. 30, 2013)..................................8

In re Montreal, Maine & Atlantic Railway, Ltd.,
  888 F.3d 1 (1st Cir. 2018).................................................................................................2

Ocasio-Hernandez v. Fortuno-Burset,
  640 F.3d 1 (1st Cir. 2011).................................................................................................4

S & W Roofing, LLC v. Shepperson,
  No. 2019-0506, 2020 WL 2306477 (N.H. Apr. 24, 2020) .................................................5

ii

SEC v. Tambone,
    597 F.3d 436 (1st Cir. 2010) ...........................................................................4

Tentindo v. Locke Lake Colony Ass'n,
    120 N.H. 593 (N.H. 1980) .............................................................................7

Watterson v. Page,
    987 F.2d 1 (1st Cir. 1993) ..............................................................................2

## INTRODUCTION

Plaintiff Private Jet Services Group, LLC ("PJS" or "Plaintiff") concedes that it did not follow the requirements for booking services set forth in the Air Charter Services Blanket Purchase Agreement ("BPA") it signed with defendant Twitter, Inc. ("Twitter") (collectively, the "Parties") when PJS dispatched the roundtrip, coast-to-coast private jet flights at issue and billed Twitter $194,000.  When Twitter pointed out that PJS did not follow the express terms of the BPA and that Twitter is not obligated to pay, Plaintiff sued.

The BPA constitutes the entire agreement between the Parties with respect to all air charter services provided to Twitter by PJS.  The BPA includes express terms that authorize only four of Twitter's employees (the BPA's enumerated Designated Representatives)[1] to contract for private jet flights with PJS.  As the Complaint acknowledges, none of them did so. Plaintiff's material breach of the express terms for booking services discharged Twitter's duty under the BPA, and Plaintiff's contract claim thus fails as a matter of law.

The Court should dismiss Plaintiffs claim for quasi contract because the services in question were within the scope of an existing, express contract between the Parties.  Further, Plaintiff has failed to plead the necessary elements of a quasi contract claim.

## FACTUAL BACKGROUND

The following factual background summarizes the allegations in PJS's Complaint, stating claims for breach of contract and breach of quasi contract.  Twitter summarizes these allegations only so that the Court can consider whether PJS's claims should be dismissed.

---

[1]      The four employees authorized by the BPA as Designated Representatives are Jenni Randolph, Doug Hunt, Erich Smith, and Pat Geonetta.  Plaintiff fails to allege that any of the Designated Representatives approved the flights at issue.  (Ex. 1.)

A.    **The Parties Signed A Contract With Terms
      Prescribing How Twitter Would Review And Approve PJS Travel**

On June 24, 2020, PJS and Twitter signed the BPA.[2]  (Compl. ¶ 8.)  The terms of

the BPA require a three-step process for Twitter to contract with PJS for the provision of private

jet services: (i) one of Twitter's "Designated Representatives" must request air charter services;

(ii) PJS must furnish a Statement of Work ("SOW"); and (iii) one of Twitter's Designated

Representatives must approve the SOW.  (Compl. ¶ 9.)  The following terms are expressly

articulated in the BPA.  (Ex. 1.)

> Aircraft Booking: To book an aircraft, any Designated Representative (as
> defined below) of the Customer may book services over the phone or e-mail.
> Upon booking, PJS will send to such Designated Representative an e-mail
> confirmation of the flight details, charges, and cancellation terms (any such
> confirmation, a "Statement of Work" or "SOW").  **Customer's Designated
> Representative MUST acknowledge acceptance of the terms set forth in the
> SOW in writing or via e-mail in order to complete the reservation**.
> (emphasis in original.)
>
> Charges & Payments: The total charge for air transportation for each specific
> flight identified in a SOW (the "Air Charter Services Price") shall be set forth
> by PJS in such SOW, and shall be agreed to by the Customer in writing as set forth
> in the paragraph of this Agreement titled "Phone or Email Confirmation."
>
> Designated Representative: Exhibit A hereto sets forth the initial agents
> designated by the Customer to act on the Customer's behalf for the purposes of
> booking, changing and cancelling flights hereunder (the Customer's "Designated
> Representatives").  Customer may modify, amend or supplement Exhibit A at
> any time in order to add, remove or change any Designated Representative(s)
> upon written notice to PJS.

---

[2]     The Blanket Purchase Agreement ("BPA") is attached hereto as Exhibit 1.  Copies of
documents such as this, that are central to Plaintiff's claims but were not attached to the
Complaint, may be reviewed on a motion to dismiss.  See Watterson v. Page, 987 F.2d 1, 3 (1st
Cir. 1993) (on a 12(b)(6) motion courts may consider "documents the authenticity of which are
not disputed by the parties; … documents central to plaintiffs' claim; . . . [and] documents
sufficiently referred to in the complaint"); accord In re Montreal, Me. & Atl. Ry., Ltd., 888 F.3d
1, 7 n.2 (1st Cir. 2018) (on motion to dismiss, considering agreement not attached to complaint
where complaint repeatedly referenced it); see also MacDonald v. Stafford Cty. Super Ct., Civ.
No. 18-01100-JL, 2019 WL 1385106, at *1 (D.N.H. Mar. 27, 2019) (considering documents
incorporated in the compliant and attached to defendant's motion to dismiss).

Amendments and Revisions: Any amendment, modification, or waiver of, or supplement to, any provision of the BPA, these Standard Terms and Conditions, or any SOW must be agreed upon in writing by both the Customer and PJS to be binding.

Twitter named four specific individuals as the only Designated Representatives with the authority to contract with PJS.

**B.      PJS Dispatched $194,000 In Private Flights Without A Statement Of Work And Without Approval By A Designated Representative**

On or around October 25, 2022, Taylor DeLorenzo, who was not one of Twitter's Designated Representatives, allegedly contacted PJS.  (Compl. ¶¶ 9-10, 18.)  Based on "emails" and/or "text messages and not Statements of Work," on or around October 26, 2022, PJS allegedly dispatched a private jet to transport Leslie Berland from Teterboro, New Jersey, to San Francisco, California.  (Compl. ¶¶ 9-11.)

On or around October 27, 2022, Cynthia Ancheta, who was not a Twitter Designated Representative, allegedly contacted PJS.  (Compl. ¶¶ 9, 13, 18.)  Based on "emails" and/or "text messages and not Statements of Work," on or around October 27, 2022, PJS allegedly dispatched a private jet to transport Leslie Berland from San Francisco, California, to Teterboro, New Jersey.  (Compl. ¶¶ 9, 13-14.)

On or around October 26, 2022, PJS invoiced Twitter $103,850 for the flight from Teterboro to San Francisco with payment due by November 2, 2022.  (Compl. ¶ 12.)  On or around October 27, 2022, PJS invoiced Twitter $93,875 for the flight from San Francisco to Teterboro, with payment due by November 3, 2022.[3]  (Compl. ¶ 15.)

---

[3]      Market rate for next-day private air charter services, roundtrip, coast-to-coast on midsize jets are estimated at $70,000 to $96,000, and on large jets, $88,000 to $156,000.  These ranges are substantially less than the $194,000 total invoices PJS sent Twitter.  See Michelle Baran, *Thinking of Taking a Private Jet Instead?  Here's How You Can,* AFAR (April 5, 2022), https://www.afar.com/magazine/how-much-does-a-private-jet-cost; see also Nick Copley, *How Much Does It Cost To Charter A Private Aircraft?,* Sherpa Report (December 23, 2022),

*(cont'd)*

3

### C.    Twitter Rejected PJS Invoices For The Flights Dispatched In Breach Of The BPA's Express Terms, And Plaintiff Filed The Present Action

On or around November 16, 2022, Twitter employee Marty O'Neill notified PJS that Twitter is not liable for the $194,000 in private jet flights at issue and reminded PJS that "only Designated Representatives listed in Exhibit A of the [BPA] are allowed to order services on behalf of Twitter."  (Compl. ¶ 17.)  On December 9, 2022, Plaintiff sued, seeking damages under either breach of contract or quasi contract theory.  (Compl. ¶¶ 22-28.)

### LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The factual allegations must be sufficient to move the claims "across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.  The Court must "accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in favor of the pleader," but must disregard "statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action."  Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (internal quotation marks and internal citations omitted); SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010) (en banc).

---

https://www.sherpareport.com/aircraft/cost-charter-private-aircraft.html.  In addition, numerous commercial planes fly nonstop between Newark, New Jersey, and San Francisco, California, each day, with tickets available for approximately $800 roundtrip. https://www.kayak.com.

## ARGUMENT

### I.     PLAINTIFF'S BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED

#### A.     PJS Materially Breached The BPA's Express Terms

By failing to follow the express conditions of the BPA and dispatching flights without authorization by a Designated Representative, PJS materially breached the BPA.  A breach of contract is material if a "party fails to perform a substantial part of the contract or one or more of its essential terms or conditions."  Ellis v. Candia Trailers & Snow Equip., Inc., 164 N.H. 457, 467 (N.H. 2012) (affirming finding of material breach); see also Direct Capital Corp. v. Am. Tank Co.  Civ. No. 16-00366-SM, 2017 WL 7411007, at *2 (D.N.H. Oct. 26, 2017) (finding material breach); S & W Roofing, LLC v. Shepperson, No. 2019-0506, 2020 WL 2306477, at *1 (N.H. Apr. 24, 2020) (noting, "[a] breach of contract is material when it touches upon the fundamental purpose of the contract and defeats the parties' object in entering into the contract").  The authorization terms of the BPA required a Designated Representative to request services, review a SOW provided by PJS, and then provide written approval.  The BPA bolded and capitalized the following terms:

> **"Designated Representative MUST acknowledge acceptance of the terms set forth in the SOW in writing or via e-mail in order to complete the reservation."** (emphasis in original.)

PJS fails to plead that it satisfied the terms of the contract.  PJS does not plead (i) that one of Twitter's "Designated Representatives" requested the air charter services at issue from PJS; (ii) that PJS furnished a SOW; or (iii) that one of Twitter's Designated Representatives approved the SOW.  Instead, PJS pleads that despite the BPA, flights were booked over text messages and email, without an SOW, and without approval by a Designated Representative.  By bypassing the express terms and dispatching flights without approval by a Designated Representative, PJS materially breached the BPA.

5

**B.**    <u>**Plaintiff's Breach Discharged Twitter's Duty Under The BPA**</u>

Twitter cannot be obligated to pay for flights that were dispatched as a result of Plaintiffs material breach of the BPA.  "A material breach of contract by one party to a contract discharges the duty of performance of the other."  <u>Gaucher v. Waterhouse</u>, 175 N.H. 291, 2022 WL 282162, at *3 (N.H. 2022); <u>see also</u> <u>S & W Roofing, LLC v. Shepperson</u>, No. 2019-0506, 2020 WL 2306477, at *1-2 (N.H. Apr. 24, 2020) (affirming defendant's discharge of contractual duties where plaintiff was in material breach); <u>Chao-Cheng Teng v. Bellemore</u>, Civ. No. 11-00281-JL, 2013 WL 3322340, at *n.2 (D.N.H. July 1, 2013) (noting that a material breach of contract likely discharged any duty under the agreement).

The BPA is a complete writing that prescribes how Twitter and PJS will do business.  By bypassing the Designated Representatives, PJS undermined the contract's purpose.  The BPA did not set prices for flights; the BPA did not set which Twitter employees could be passengers on PJS flights; the BPA did not set schedules or routes for flights; instead, the BPA set terms for booking private jet services.  Because PJS materially breached the BPA in a way that contravened those express terms, Twitter's duty was discharged, and PJS should be barred from seeking damages under a contract claim.

To the extent that PJS claims that the course of conduct between the Parties deviated from the contract terms, and thereby waived the necessity of SOW approval by a Designative Representative, PJS has not pled any amendment that meets the requirements of the BPA.  The Standard Terms and Conditions of the BPA state, "Amendment And Revisions.  Any amendment, modification, or waiver of, or supplement to, any provision of the BPA, these Standard Terms and Conditions, or any SOW must be agreed upon in writing by both [Twitter] and PJS to be binding."  PJS has not pled that the terms of the BPA were ever amended, modified, or waived by any mutual agreement reduced to writing.  PJS has not pled that Twitter

6

ever modified the list of Designative Representatives.  PJS's material breach of the BPA

discharged Twitter's duty, and the Court should dismiss Count I.

## II.   PLAINTIFF'S QUASI CONTRACT CLAIM SHOULD BE DISMISSED

### A.   Because The Services At Issue Are Covered By An Express Contract, The Court Must Dismiss Plaintiff's Quasi Contract Claim

Count II should be dismissed for failing to state a claim upon which relief may

be granted.  New Hampshire law provides that an express contract will bar any quasi contract

claim concerning the subject matter covered by the express contract.  Tentindo v. Locke Lake

Colony  Ass'n, 120 N.H. 593, 597 (N.H. 1980) ("[w]here there is a valid express contract

between the parties . . . the law will not imply a quasi-contract . . . . the terms of [an] agreement

may not be varied by a legal fiction"); see also Androscoggin Valley Reg'l Refuse Disposal

Dist. v. R.H. White Constr. Co., Civ. No. 15-00434-LM, 2017 WL 1906612, at *4-5 (D.N.H.

May 8, 2017) (dismissing quasi contract claim where the parties' relationship was governed by

an existing contract); Clapp v. Goffstown Sch. Dist., 159 N.H. 206, 211 (2009) (reversing trial

court and holding, "[b]ecause the parties defined the . . .  relationship by contract, and because

those contracts were valid and enforceable," defendant had no claim under a quasi contract

theory); J.G.M.C.J. Corp. v. Sears, Roebuck & Co., 391 F.3d 364, 369 (1st Cir. 2004) (applying

New Hampshire law and holding that the law will not imply a quasi contract where the parties

had an express contract).

Plaintiff has alleged that there was a valid, express contract (the BPA) between

the Parties, but seeks a quasi-contract remedy.  This is precisely the sort of claim that New

Hampshire law prohibits where there is an enforceable, express agreement between the parties.

Because the comprehensive BPA governs the provision of air charter services, any quasi-contract claim concerning private jet flights provided by PJS should be dismissed.

      **B.**      **Plaintiff Fails To Plead the Elements of Quasi Contract**

      In addition to the fact that the Court should dismiss Count II because the Parties' relationship is governed by an express contract, Plaintiff has not pled a valid quasi contract claim, which requires showing that: "(1) services were rendered to the defendant by the plaintiff; (2) with the knowledge and consent of the defendant; and (3) under circumstances that make it reasonable for the plaintiff to expect payment."  Gen. Insulation Co. v. Eckman Constr., 159 N.H. 601, 611-12 (N.H. 2010) (internal citation omitted) (dismissing claim where petitioner "failed to allege facts sufficient to state" a claim for quantum meruit); see also Mangiardi Bros. Trucking, Inc. v. Dewey Env't, LLC, Civ. No. 12-00481-JD, 2013 WL 1856338, at *6-7 (D.N.H. Apr. 30, 2013) (dismissing quasi contract claim where plaintiff did not allege that it "did work with the knowledge and consent" of the defendant, and where it was not reasonable for the third-tier subcontractor to expect payment from the property owner or general contractor).  Plaintiff has not pled that the Designated Representatives were the individuals with whom PJS arranged the flights at issue, and thus has not pled that Twitter's decisionmakers as defined in the BPA consented to these flights.  Further, it would be unreasonable for PJS to expect payment where it dispatched private jet flights in material breach of the BPA's express terms for booking services. The very reason those terms are in the contract is to prevent situations such as the flights at issue. The Court should dismiss the quasi contract claim.

**CONCLUSION**

      For all the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety.

8

Date: January 31, 2023

Respectfully Submitted,
TWITTER, INC.
By its attorneys,
BERNSTEIN SHUR, SAWYER & NELSON, P.A.

*/s/ Edward J. Sackman*
Edward J. Sackman, N.H. Bar #19586
670 N. Commercial Street, Suite 108
P.O. Box 1120
Manchester, New Hampshire 03105
(603) 623-8700
nsackman@bernsteinshur.com

James R. Carroll (*pro hac vice*)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573 4800
james.carroll@skadden.com